ORIGINAL

# In the United States Court of Federal Claims

## FILED

No. 16-957C (Pro Se)
(Filed: December 22, 2016 | Not for Publication)

DEC 2 2 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| HOWARD E. COSNER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Keywords: Subject Matter Jurisdiction;
RCFC 12(b)(1); Tucker Act; Equitable
Relief; Statute of Limitations; 28 U.S.C.
§ 2501.

*Howard E. Cosner, Jr.*, Bradenton, FL, pro se.

*Nathanael B. Yale*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for Defendant, with whom were *Martin F. Hockey, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General. *Dana Heck*, Department of Veterans Affairs, Office of General Counsel, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, Howard E. Cosner, filed this action for monetary and other relief based on claims related to his former employment with the Department of Veterans Affairs (the Department). The case is currently before the Court on the government's motion to dismiss Mr. Cosner's complaint pursuant to Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6).

For the reasons set forth below, the Court lacks subject matter jurisdiction over Mr. Cosner's claims. The government's motion to dismiss pursuant to RCFC 12(b)(1) is therefore **GRANTED**.

7014 1200 0000 9093 5463

# BACKGROUND[1]

Mr. Cosner was formerly employed by the Department at the Orlando VA Medical Center. See Compl. at 10; see also Compl. Tab 2. In October 2006, he filed a formal Equal Employment Opportunity (EEO) complaint with the Department, alleging age discrimination. See Compl. Tab 7. On January 23, 2007, he filed a second complaint alleging retaliation. Id. On November 19, 2007, the Department issued Mr. Cosner a notice of proposed removal. See id. Tab 2 at 102-A. In response, he filed an appeal of that notice to the Merit Systems Protection Board. See id.

On March 13, 2008, Mr. Cosner and the Department resolved his claims by entering into a Settlement and Stipulation Agreement (the Agreement). See Compl. at 1. The Department agreed to provide a lump-sum payment to Mr. Cosner, to remove references to certain negative employment actions from his employment file, and to provide neutral employment references for a period of two years following the Agreement's execution. See id. Tab 2 at 102–102A. In exchange, Mr. Cosner agreed, inter alia, to dismiss his formal EEO complaints, to dismiss his appeal before the Merit Systems Protection Board, and to "forever refrain from seeking or accepting employment and/or any contractual relationship with, and [to] submit[] his irrevocable resignation" from the Orlando VA Medical Center and its satellite facilities. Id. at 102-A–102-B. Additionally, Mr. Cosner agreed to "the withdrawal of any claim, complaint[,] and/or grievance that the Complainant did, or could file or may file related to any suggestion or cost saving initiative which he submitted to the Agency." Id. at 102-B.

More than two years later, on June 9, 2010, Mr. Cosner filed another EEO complaint with the Department, this time alleging a breach of the confidentiality provision of the Agreement. See id. Tab 9 at 137-A. Mr. Cosner's breach claim was based on a communication between the Department and Congresswoman Suzanne M. Kosmas, which occurred as a consequence of his own March 2010 request seeking the Congresswoman's assistance in determining his re-employment status. Id. Tab 7 at 130-A–130-B. Specifically, in response to an inquiry from Congresswoman Kosmas, the Department informed her that the Agreement precluded Mr. Cosner's future employment with the Orlando VA Medical Center and its subsidiaries. See id. According to Mr. Cosner, the Department breached the confidentiality provision of the Agreement when it provided this information to the Congresswoman. See id. Tab 7 at 130.

On August 4, 2010, the Department rejected Mr. Cosner's EEO complaint. Compl. ¶ 1. The Department stated that "the Agency did not violate the terms and conditions of the settlement agreement," and that Mr. Cosner was "non-compliant as evidenced by [an] application for employment" that he had allegedly submitted to the Orlando VA Medical Center. Id. Tab 7 at 130-D. It further noted that "as a general rule, if the complainant breaches the terms of the agreement, then the Agency is excused from performing any remaining obligations." Id. It concluded that Mr. Cosner's "June 19, 2009, application for re-employment at the Orlando VA

---

[1] The facts set forth in this section are based on the allegations in Mr. Cosner's complaint, which are assumed to be true for purposes of deciding the government's motion to dismiss. In addition, the Court relies on the attachments to the complaint, which it considers for purposes of deciding whether it possesses jurisdiction over his claims.

Medical Center, which clearly violated the terms and conditions of provision 2.F [of the Agreement], absolved the Agency of any further obligation to adhere to its terms," and that the "Agency has not breached the March 13, 2008, settlement agreement." Id.

In his complaint before the Court, Mr. Cosner denies that he filed an application for employment with the Orlando VA Medical Center on June 19, 2009. See Compl. ¶ 2. He alleges that the application file upon which the Department relied was "false, incomplete, and not provided by the Plaintiff." Id. That file, alleges Mr. Cosner, was actually part of a later application for employment that he submitted on October 7, 2009, but which had been "altered, dated and signed by persons unknown." Id.

Mr. Cosner subsequently appealed the Department's denial of his breach claim to the Equal Employment Opportunity Commission's Office of Federal Operations (EEOC OFO). See id. ¶ 4. On February 3, 2012, EEOC OFO upheld the Department's decision. Id. at 5; see also id. Tab 9. It did "not address the Agency's argument that Complainant himself violated the Agreement." Id. Tab 9 at 137-B. Instead, EEOC OFO concluded that "the Agency ha[d] not breached the Agreement" because it was Mr. Cosner who had sought the aid of his member of Congress in relation to the Agreement. Id. It further found that any information revealed to her was in "substantial compliance" with the Agreement's allowance for "information to be divulged 'to those required in order to . . . carry out its terms' and . . . 'to individuals involved in its enforcement.'" Id. Mr. Cosner then filed a request for reconsideration, which EEOC OFO denied on December 6, 2012. Compl. at 5.

On March 3, 2013, Mr. Cosner filed suit in the United States District Court for the Middle District of Florida. Id.; see also Cosner v. Sec'y, Dep't of Veterans Affairs, 2014 WL 542903 (M.D. Fla. Feb. 11, 2014). In that action, he sought 1) rescission of the Agreement; 2) damages for the Department's alleged breach of the Agreement; and 3) damages for the acts of discrimination and retaliation Mr. Cosner originally alleged in the underlying EEO complaints. Cosner, 2014 WL 542903, at *2. The district court dismissed Mr. Cosner's complaint for lack of subject matter jurisdiction, concluding that Mr. Cosner's remedies were limited to the exclusive procedures set forth in Title VII. See id. at *3.[2]

After the district court dismissed his complaint, Mr. Cosner—citing the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80—filed three new claims with the Department. See Compl. at 7–8; see also Compl. Tab 1 at 201–401-C. First, by letter of June 10, 2014, he sought a payment of $112,500 as an award for the Department's alleged adoption of a plan to reduce wait times for denture patients that he claims he designed. Compl. Tab 1 at 201–201-D; see also Compl. at 7. Thereafter, on June 13, 2014, he submitted a second claim, seeking reinstatement, effective August 4, 2010, and back pay in the estimated amount of $162,000, based on the

---

[2] Although the district court referred to Mr. Cosner's case as arising under Title VII, the correct source of statutory authority for his claims was the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. See Compl. Tab 7 at 130 (noting Mr. Cosner's original claims alleged discrimination "based on [his] age"). ADEA claims by federal employees are subject to the same procedures for administrative and judicial review as are Title VII claims. See 29 U.S.C. § 633a(b).

Department's alleged abandonment of the Agreement settling his discrimination claims. Compl. Tab 1 at 301–01-C; see also Compl. at 7–8. Finally, on June 30, 2014, he filed a third claim with the Department, this time requesting "restitution and compensation for the perpetration of criminal acts upon the Claimant" by the Department, in the amount of $375,000. Compl. Tab 1 at 401–401-C (emphasis omitted); see also Compl. at 8. Although not entirely clear, it appears that this claim arose out of what he alleged was a mishandled or fraudulent investigation and resolution of his EEO claim for breach of the Agreement, in which he claims forged documents were assembled and considered. See Compl. Tab 1 at 401-A–401-B.

The Department denied all three claims. Compl. at 8. Citing the FTCA, it stated that Mr. Cosner had failed to "identify any actionable negligence on the part of a VA employee acting in the course and scope of his or her employee [sic] and [had] not establish[ed] that [he was] damaged by any alleged negligence." Id. Tab 8 at 1. The Department concluded by noting that "we do not share your view of the litigation and decline to grant or settle any employment claim your letter[s] purport[] to tender." Id. at 2.

Mr. Cosner then filed suit in this Court on August 8, 2016. Docket No. 1. In his complaint, he asserts that the Department's August 4, 2010 denial of his breach claim was a "binding agency determination" and was a "declar[ation] that [the Department] had abandoned and vacated the [Agreement], thus negating all of the Stipulations and Provisions." Compl. at 1. Mr. Cosner requests that the Court issue an order directing the Department to "accept, adopt, invoke and comply with the August 4, 2010 Determination . . . that the Agency has abandoned and withdrawn from [the Agreement]." Id. at 9–10. Moreover, Mr. Cosner seeks $650,000 in damages based upon the three "Claims for Restitution and compensation" he submitted to the Department in June 2014. See id. at 1, 10.

On November 4, 2016, the government filed the motion to dismiss that is currently before the Court. Docket No. 6. For the reasons set forth below, the Court concludes that it lacks jurisdiction over Mr. Cosner's claims. Therefore, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED**.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, if a movant disputes the basis of the Court's jurisdiction, the allegations in the complaint are not controlling and the Court may review evidence extrinsic to the pleadings. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).

It is well-established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Therefore, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F.

App'x 860 (Fed. Cir. 2004); Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

A central element of the relief Mr. Cosner seeks is that this Court issue an order requiring the Department to confirm that it "abandoned" the Agreement when it rejected his breach of settlement agreement claim on August 4, 2010. But the Court of Federal Claims does not have power to "grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting Austin v. United States, 206 Ct. Cl. 719, 723 (1975)); see also Ferreiro v. United States, 501 F.3d 1349, 1353 n.3 (Fed. Cir. 2007). In this case, Mr. Cosner has not alleged a claim for money damages that is within this Court's jurisdiction.

First, Mr. Cosner does not allege any breach of the Agreement in his complaint, nor does he seek monetary damages for any such breach. See Holmes v. United States, 657 F.3d 1303, 1312 (Fed. Cir. 2011) (noting that suits alleging breaches of Title VII settlement agreements may fall within the Court of Federal Claims's Tucker Act jurisdiction, but only if the agreement "support[s] a fair inference that [the plaintiff] is entitled to the payment of money damages for [the] breach"). Mr. Cosner also does not appear to be seeking to revive his underlying discrimination claims on the grounds that the Agreement is somehow void or invalid. Even if he were, this Court would not be the proper forum for doing so. See Taylor v. United States, 73 Fed. Cl. 532, 546 & n.25 (2006) (Court of Federal Claims does not have the equitable power to rescind Title VII settlement agreements or order reinstatement of underlying Title VII claims); see also Haque v. Unknown Party, Named As Sec'y of Gov'ts, 636 F. App'x 1003, 1005 (Fed. Cir. 2016) ("Title VII vests jurisdiction over discrimination claims exclusively in the district court . . . ." (quoting Taylor v. United States, 310 F. App'x 390, 393 (Fed. Cir. 2009))).

Further, this Court lacks jurisdiction over Mr. Cosner's claim seeking damages based on the Department's failure to provide him a "money saving" award. Mr. Cosner does not identify (nor is the Court aware of) any statute, regulation, or other source of substantive law that mandates that Department employees receive such awards, which the Court assumes are discretionary.

Mr. Cosner has also requested an award of back pay and reinstatement effective August 4, 2010, the date that he alleges the Department "abandoned" the Agreement. Mr. Cosner's theory of recovery appears to be that when the agreement was "abandoned," his resignation from employment pursuant to the Agreement became "void." Compl. Tab 1 at 301-B. But even if Mr. Cosner could identify a statutory or other basis for an award of monetary relief in such circumstances (and none is apparent), any claim that arose as a result of the August 4, 2010 "abandonment" of the settlement agreement would be barred by the Tucker Act's six-year statute of limitations, 28 U.S.C. § 2501, which is jurisdictional in nature. Shoshone Indian Tribe of Wind River Reservation v. United States, 672 F.3d 1021, 1029 (Fed. Cir. 2012) (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136–39 (2008)). Further, the Court can order reinstatement only when it is connected to a claim for money damages over which the Court has subject matter jurisdiction under the Tucker Act. See 28 U.S.C. § 1491(a)(2); see also Hwang v. United States, 94 Fed. Cl. 259, 270 (2010) (finding jurisdiction over claims for back pay and reinstatement where member of military identified Military Pay Act as the money-mandating statute conferring jurisdiction); Walker v. United States, 117 Fed. Cl. 304, 324 (2014) (dismissing claim for reinstatement for lack of subject matter jurisdiction when pay claim was jurisdictionally barred because "absent such a money mandating, statutory basis, [the plaintiff] cannot assert her equitable relief based claims in this court").

Finally, Mr. Cosner's third claim for money damages is based on what he characterizes as "crimes" against him. See Compl. at 9. As noted above, the "crimes" to which Mr. Cosner refers appear to be grounded in his allegations that the Department's investigation and resolution of his EEO claim for breach of the Agreement were marked by fraud and negligence. This Court, however, lacks jurisdiction under the Tucker Act over claims that sound in tort. Jackson v. United States, 242 F. App'x 698, 701 (Fed. Cir. 2007) (per curiam); see also 28 U.S.C. § 1491(a). Further, claims under the FTCA are also outside the Court's subject matter jurisdiction. Robleto v. United States, 634 F. App'x 306, 308–09 (Fed. Cir. 2015) (per curiam); see also 28 U.S.C. § 1346(b)(1).

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Mr. Cosner's claims. The government's motion to dismiss is therefore **GRANTED** and the complaint is **DISMISSED** without prejudice. The Clerk of the Court is directed to enter judgment accordingly. Each party shall bear its own costs.[3]

---

[3] On November 30, 2016, after the government's motion was filed and after Mr. Cosner had filed his response, Mr. Cosner filed a motion requesting that his case be referred to the Court of Federal Claims Bar Association's Pro Bono/Attorney Referral Program. Docket No. 8. Because the Court has determined that it lacks subject matter jurisdiction over Mr. Cosner's complaint, that motion is **DENIED**. Additionally, on December 19, 2016, Mr. Cosner attempted to file a "Reply to Defendant[']s Motion to Dismiss," which would actually be a surreply to the government's reply. The Rules do not provide for the filing of a surreply. Therefore, the Clerk is instructed to return the document to Mr. Cosner unfiled.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge